Maynor Samuel MENDEZ–
HERNANDEZ,
Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 00–71014.
I & NS No. A72–669–600.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2002.*

Decided March 21, 2002.

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

## MEMORANDUM**

Maynor Samuel Mendez–Hernandez, a native and citizen of Guatemala, petitions this court for review of the final order of the Board of Immigration Appeals ("BIA") denying his application for a stay of deportation and political asylum. The petition is denied.

Petitioner testified before the Immigration Judge ("IJ") that in 1988 he had an encounter with four strangers who tried to recruit him to join the guerillas. He had no further face to face encounters, but testified that about three months after his first encounter with the persons he believed to be guerillas, some guerillas visited his house while he was not there, and told his mother that they would kill petitioner if he reported the guerillas' visit to government agents. In 1991, petitioner left the family farm and entered the United States without inspection. After he fled Guatemala, guerillas again visited Petitioner's house to look for him.

Petitioner testified that he feared harm from the guerillas because he had been a member of the civil patrol, serving without arms or a uniform, one night a month. Mendez–Hernandez presented no evidence

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that the guerillas knew that he was a member of the civil patrol. The IJ found the evidence insufficient to support the application for political asylum, and on September 3, 1996, denied the application, granting Mendez–Hernandez thirty days in which to accomplish a voluntary departure. The IJ reasoned that "even if the guerillas had visited [Mendez–Hernandez] and sought him out as many times as he states they did, the court cannot find on this record that the guerillas sought him out for any reason other than to fill their ranks."

In his appeal to the BIA, Mendez–Hernandez contended that he suffered past persecution and had a well-founded fear of future persecution because he was the subject of recruitment efforts by guerillas in Guatemala. The BIA determined that Mendez–Hernandez failed to demonstrate "that the guerillas targeted him because of any ground enumerated in the Act, rather than his refusal to join the guerilla group." The BIA also noted that there was no convincing evidence that the guerillas were motivated to punish Mendez–Hernandez because of his political views. The BIA concluded that Mendez Hernandez failed to establish eligibility for asylum.

The BIA's determination must be upheld if supported by substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996). In other words, the BIA's determination can be reversed only if the evidence presented by Mendez–Hernandez "was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed." *Elias–Zacarias*, 502 U.S. at 481.

We have examined the record and agree that the petitioner's evidence failed to provide an objectively reasonable basis for fear of persecution on account of political opinion. *See Velarde v. INS*, 140 F.3d 1305, 1309 (9th Cir.1998) (observing that a well-founded fear of persecution must be both subjectively genuine and objectively reasonable). The only threat made by the guerillas against Mendez–Hernandez was to harm him if he revealed their visit to his mother's house. There is no evidence that he ever did so or that he had any reason to fear the guerillas thereafter except for his concern that they might attempt to recruit him. As this court has held, recruitment alone does not amount to persecution. *Elias–Zacarias*, 502 U.S. at 482–84. Accordingly, the petition is denied.[1]

PETITION DENIED.

---

1. Because Mendez did not meet the requirements for eligibility for asylum, he was not entitled to withholding of deportation either.

*See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).